**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**MARK B. BAILUS, ESQ.**
Nevada Bar No. 2284
**LINCOLN, GUSTAFSON & CERCOS, LLP**
*ATTORNEYS AT LAW*
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: (702) 257-1997
Facsimile: (702) 257-2203
lyoung@lgclawoffice.com
mbailus@lgclawoffice.com

Attorneys for Defendant, TARGET CORPORATION

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LIDETTE DENNEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; DOES I-X; and ROE COMPANIES I-X, inclusive,<br><br>Defendants. | CASE NO: 2:19-cv-01157-APG-DJA<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(Sixth Request)** |

Plaintiff, LIDETTE DENNEY, by and through her counsel of record, PAUL S. PADDA, ESQ. of PAUL PADDA LAW and Defendant, TARGET CORPORATION, by and through its counsel of record, LOREN S. YOUNG, ESQ. and MARK B. BAILUS, ESQ. of the law firm LINCOLN, GUSTAFSON & CERCOS, LLP, hereby stipulate and request that the Court extend the remaining discovery and dispositive motion deadlines by approximately ninety (90) days. This is the parties' sixth request to extend discovery and dispositive motion deadlines in this matter.

Pursuant to Local Rule 26-3 the parties state as follows:

**I.    DISCOVERY COMPLETED TO DATE**

   a. The parties conducted the Fed. R. Civ. P. 26(f) conference on July 15, 2019.

   b. The parties have exchanged initial disclosures of documents and lists of witnesses and supplements thereto.

    c. Defendant has propounded requests for production of documents and interrogatories on Plaintiff and Plaintiff has responded to these discovery requests.

    d. Plaintiff has propounded requests for production of documents and interrogatories on Defendant and Defendant has responded to these discovery requests.

    e. Defendant has received HIPAA authorizations from Plaintiff.

    f. FRCP medical examination of Plaintiff.

    g. Disclosure of initial and rebuttal expert witnesses.

## II. DISCOVERY TO BE COMPLETED

    a. Deposition of Rule 30(b)(6) designee(s) of Target Corporation.

    b. Depositions of fact witnesses.

    c. Depositions of treating physicians and/or retained experts.

    d. Supplemental responses to written discovery.

    e. Other discovery as necessary.

  The above list is made without prejudice to the parties' ability to conduct additional discovery consistent with the Federal Rules of Civil Procedure.

## III. REASONS WHY THE DEADLINES CANNOT BE COMPLETED WITHIN THE CURRENT SCHEDULE

  This matter is a personal injury claim, where the Plaintiff is alleging injuries due to a slip and fall on the premises of Defendant in Las Vegas, Nevada. Defendant has denied liability. Currently, Plaintiff is claiming past and future medical and other damages. Although the parties have been actively participating in the discovery process, there is pertinent discovery that remains to be completed.

  Due to the COVID-19 pandemic and attendant safety protocols and restrictions, the parties have had difficulty scheduling depositions including expert witnesses. Most notably, Defendant's retained experts are represented by Tracey L. Heinhold Keith, Esq., who due to hearing loss is required to wear hearing aids. However, Ms. Keith advises that her hearing loss is the type that is not particularly well-suited for hearing aids and to understand what is being said during a deposition she must be able to read lips to augment what she can hear with her hearing aids. Currently, Nevada has in place a statewide COVID-19 mask mandate so not wearing a mask during a deposition is not an option. While eventually

the COVID-19 mask mandate will be lifted, such will not likely occur before the current discovery deadline. Unfortunately, Ms. Keith advises she cannot read lips if the person speaking is wearing a mask, even a clear mask. Even if it was possible to waive the mask mandate, Ms. Keith advises she is considered high risk for a negative outcome if she contracts COVID-19 and as of this date, has not been fully vaccinated and as such, intends to follow her doctors guidance and not expose herself to unmasked persons, vaccinated or not. The parties would request the Court to continue, *inter alia,* the discovery deadlines ninety (90) days in order to accommodate Ms. Keith's disability and to ensure she is safe from COVID-19 and its variants. Consequently, additional time is necessary in order to complete the remaining discovery. The parties agree that this request is not made for the purpose of delay, but to ensure a just adjudication of the case on the merits, and that neither party will be prejudiced by the requested extension.

## II. PROPOSED SCHEDULE

WHEREFORE, the parties respectfully request that this Court extend discovery deadlines as follows:

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Discovery Deadline | June 22, 2021 | September 20, 2021 |
| Dispositive Motions | July 23, 2021 | October 21, 2021 |
| Pretrial Order | August 20, 2021 | November 18, 2021 |

DATED this 26th day of May, 2021.    DATED this 26th day of May, 2021.

**LINCOLN, GUSTAFSON & CERCOS, LLP**    **PAUL PADDA LAW**

/s/ *Mark B. Bailus*    /s/ *Paul S. Padda*

**LOREN S. YOUNG, ESQ.**
Nevada Bar No. 7567
**MARK B. BAILUS, ESQ.**
Nevada Bar No. 2284
3960 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Attorneys for Defendant,
TARGET CORPORATION

**PAUL S. PADDA, ESQ.**
Nevada Bar No. 10417
4560 S. Decatur Blvd., Suite. 300
Las Vegas, NV 89103
Attorneys for Plaintiff,
LIDETTE DENNEY

**ORDER**

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: 5/28/2021

3